UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case No: 05-CIV-23292-MORENO**

**RONNIE JOHNSON,**

      Petitioner,

vs.

**EDWIN G. BUSS[1],**
Secretary, Florida Department of Corrections,

      Respondent.
_____/

## ORDER ON PETITIONER'S MOTION TO SET ASIDE JUDGMENT

THIS MATTER is before the Court upon Petitioner Ronnie Johnson's Motion to Set Aside Judgment [D.E. 60], filed pursuant to Federal Rule of Civil Procedure 60(b), and Respondent Edwin G. Buss's Response to Motion to Set Aside Judgment [D.E. 61]. Petitioner did not file a reply.[2] The Court has carefully reviewed said motion and response, and is otherwise fully advised in the premise.

Ronnie Johnson is on death row at the Union Correctional Institution in Raiford, Florida, following a conviction in 1991 for first degree murder. On March 29, 2007, the Court issued its

---

[1] James McDonough is no longer the Secretary of the Department of Corrections. Edwin G. Buss is now the proper respondent in this proceeding. Buss should, therefore, "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d)(1). The Clerk is directed to docket and change the designation of the Respondent.

[2] Petitioner also filed a motion to set aside judgment in a companion case 05-CIV-23293-MORENO. [D.E. 82]. Similar to the instant case, the Court also denied Mr. Johnson's petition for writ of habeas corpus as untimely. [D.E. 55]. The grounds argued for setting aside the judgment in that case are identical to those presented here.

1

Order denying Mr. Johnson's petition for writ of habeas corpus by a person in state custody as untimely. [D.E. 35]. Now, over four years later, Petitioner has filed a Motion to Set Aside Judgment pursuant to Rule 60(b). Petitioner makes three arguments. First, Petitioner argues that "[a]n intervening change in the law can constitute an extraordinary circumstance under Rule 60(b)(6)." ([D.E. 60] at 18). Second, Petitioner asserts that he is entitled to equitable tolling under the standards set forth in *Holland v. Florida*, 130 S.Ct. 2549 (2010).[3] Finally, Petitioner contends that a letter he wrote to the circuit court judge on August 19, 1999, should be considered by the Court as a demonstration of Petitioner's diligence.

The State responds that Petitioner's motion is untimely pursuant to Rule 60(c)(1), which requires that a motion for relief from judgment must be made "no more than a year after the entry of the judgment or order or date of the proceeding." ([D.E. 61] at 5). The State also argues that Petitioner's assertion that he is entitled to relief under Rule 60(b)(6) is meritless because Petitioner "has not demonstrated extraordinary circumstances." (*Id.* at 6). Finally, the State concludes that, even if *Holland* constituted an extraordinary circumstance under Rule 60(b)(6), the habeas petition is untimely because Petitioner's current counsel, Charles G. White, was appointed on February 1, 2000, and he too failed to file any post-conviction pleadings which would have tolled the federal statute of limitations until March 1, 2001. (*Id.* at 10). Therefore, according to the State, the federal habeas petition would still be time-barred because even if Petitioner had been diligent in pursuing his rights while his original post-conviction counsel represented him, Petitioner essentially abandoned his efforts once Mr. White was appointed. After Mr. White was appointed over a year

---

[3] Petitioner also asserts that because he filed the instant motion within one year of the decision in *Holland v. Florida*, his motion is timely pursuant to Rule 60(b)(1). This assertion is without merit.

lapsed before Petitioner's Rule 3.850 motion was filed; thus, negating Petitioner's original diligence. As explained in greater detail below, the Court need not analyze Petitioner's diligence because Petitioner has not demonstrated extraordinary circumstances.

## STANDARD

Rule 60(b) allows relief to a party from a final judgment due to:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time ...; (3) fraud ... misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged ... reversed or vacated; or (6) any other reason that justifies relief.

> Fed.R.Civ.P. 60(b).

> Further, the Rule provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) not more than one year after the entry of the judgment or order or date of the proceeding." Fed.R.Civ.P. 60(c)(1). It is well established, however, that relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances."

*Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680 (11th Cir.1984) (citation omitted).  On March 29, 2007, the Court denied the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 as untimely. [D.E. 35].  Thereafter, Petitioner appealed the denial of his petition, which was affirmed by the Eleventh Circuit Court of Appeals.  *See Johnson v. Sec'y, Dep't. of Corr.*, 513 F.3d 1328 (11th Cir. 2008).  Petitioner then sought certiorari in the United States Supreme Court. On October 6, 2008, the Court denied the petition.  *See Johnson*, 129 S.Ct. 348 (2008).  Almost three years after the denial of certiorari, Petitioner has returned to this Court seeking relief from its March 29, 2007 judgment. [D.E. 60].  For the reasons that follow, the motion is **DENIED.**

.

### *A. Rule 60(b)(1)*

Petitioner's first argument is that the instant motion is timely filed because "filing the motion within one year after the U.S. Supreme Court has decided <u>Holland</u> and changed the law makes his original filing timely." ([D.E. 60] at 18). Petitioner has offered no legal support for this extraordinary proposition. He has not done so because there is none. The Rule is clear. In order for a Rule (60)(b)(1) or 60 (b)(2) or 60(b)(3) motion to be timely, it must be filed not more than one year after the entry of the judgment or order or date of the proceeding. Here, the judgment was entered on March 29, 2007. [D.E. 35]. The instant motion was filed June 8, 2011. The motion is not timely pursuant to Rule 60(c)(1). Petitioner's timeliness argument pursuant to Rule 60(b)(1) is rejected. In order to be cognizable, Petitioner's remaining option for relief is under Rule 60(b)(6).

### *B. Rule 60(b)(6)*

Despite his Rule 60(b)(1) contentions, the real crux of Petitioner's argument is that the Court should grant his motion pursuant to Rule 60(b)(6).[4] Federal Rule of Civil Procedure

---

[4] Intertwined in his Rule 60(b)(6) argument, Petitioner attempts to argue his Rule 60(b)(1) claim in the alternative. The primary basis of this motion is that Petitioner's case is factually similar to *Holland v. Florida*. In 2010, the United States Supreme Court determined that an entitlement to equitable tolling of the AEDPA statute of limitations exists under certain circumstances. *Holland v. Florida*, 130 S.Ct. 2549 (2010) However, while arguing that *Holland* is intervening case law which constitutes an exceptional circumstance, Petitioner also states that "[i]n the <u>Holland</u> case, the U.S. Supreme Court *expanded* the range of professional misconduct which could be considered by a District Court in determining whether equitable tolling applied to a late-filed habeas proceeding under the AEDPA." ([D.E. 60] at 20)(emphasis added). Petitioner also contends that the "<u>Holland</u> Court *reiterated* the <u>Lawrence</u> decision and others which determined that equitable tolling was an extraordinary remedy. . ." (*Id.* at 21) (emphasis added). Petitioner then argues that the Court should apply Rule 60(b)(1) because the Court "had misconstrued applicable law when it determined that the attorney misconduct in [the] State habeas proceeding could not be attributed to equitable tolling of the Federal Statute of Limitations." (*Id.* at 22). Either the Court "misconstrued applicable law" in the March 29, 2007

60(b)(6) allows relief from a final judgment, order or proceeding for "any other reason that justifies relief." Rule 60(b)(6) is not subject to the one year limitations period in Rule 60(c)(1); rather a motion pursuant to Rule 60(b)(6) must be filed within a reasonable time. As an initial matter, the Court finds that Petitioner's motion was not filed within a reasonable time. The motion is primarily based on what the Petitioner categorizes as "an intervening change in the law." (*See* [D.E. 60] at 17-23). This intervening change in the law is purported to be *Holland v. Florida*, 130 S.Ct. 2549 (2010). The decision in *Holland* was issued on June 14, 2010. The instant motion was filed on June 8, 2011. [D.E. 60]. Here, Petitioner waited almost an entire year from the time that *Holland* was issued to file the instant motion. The Court does not find that this was "within a reasonable time" as contemplated by the Rule.

More importantly, the Court does not find that *Holland* is an exceptional circumstance as interpreted by Rule 60(b)(6). Generally, intervening changes in law do not establish an extraordinary circumstance sufficient to warrant relief. *See Agostini v. Felton*, 521 U.S. 203, 239 (1997) ("[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6). . .."). Petitioner's argument here, the reopening of a judgment denying a federal habeas petition as time-barred due to an intervening change in law, has previously been argued to the United States Supreme Court. It was rejected.

> It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation. Although our constructions of federal statutes customarily apply to all cases then pending on

---

Order (this argument must have been made within a year of the judgment) or *Holland v. Florida*, decided June 14, 2010, is an intervening change in law. It cannot be both. Regardless, Petitioner failed to meet the filing deadline pursuant to Rule 60(b)(1). Therefore, any Rule 60(b)(1) claims are denied.

> direct review, see, e.g., *Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 97, 113
> S.Ct. 2510, 125 L.Ed.2d 74 (1993), not every interpretation of the federal statutes
> setting forth the requirements for habeas provides cause for reopening cases long
> since final.FN9 If *Artuz* justified reopening long-ago dismissals based on a lower
> court's unduly parsimonious interpretation of § 2244(d)(2), then *Pace v.
> DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), would
> justify reopening long-ago grants of habeas relief based on a lower court's unduly
> *generous* interpretation of the same tolling provision.

*Gonzalez v. Crosby*, 545 U.S. 524, 536-37 (2005) (emphasis in original) (footnote omitted).

Petitioner contends that *Holland's* articulation of the standard that should be applied when

making an entitlement to an equitable tolling determination under the AEDPA statute of

limitations is an extraordinary circumstance.[5] The Court disagrees. At the time the Court issued

its March 29, 2007 Order, its interpretation was "by all appearances correct under the Eleventh

Circuit's then-prevailing interpretation of equitable tolling." *Id.* at 536. Prior to 2010, the

United States Supreme Court had not yet determined that the AEDPA's statutory limitations

period may be tolled for equitable reasons. *Holland*, 130 S.Ct at 2560. Therefore, the Court

analyzed the facts of Petitioner's case under precedent from the Eleventh Circuit which held that

in order to be entitled equitable tolling, the attorney's conduct, even if it, "is 'negligent' or

'grossly negligent,' cannot 'rise to the level of egregious attorney misconduct' that would not

warrant equitable tolling unless the petitioner offers 'proof of bad faith, dishonesty, divided

loyalty, mental impairment or so forth.'" *Id.* at 2554. Long after the Court denied the petition for

writ of habeas corpus, the United States Supreme Court reached a different conclusion. This is

not an extraordinary circumstance. *Gonzalez*, 545 U.S. at 536. Petitioner's argument that his

---

[5] Petitioner also argues that an August 19, 1999 letter sent to the circuit court judge "demonstrated the diligence which the State claims he lacked." ([D.E. 60] at 25). However, because the Court is denying the motion on other grounds, it makes no determination regarding Petitioner's diligence.

motion is proper pursuant to Rule 60(b)(6) is rejected.[6]

To be sure, this result may seem unjust. No doubt, a reasonable person would question the inequities of the Petitioner being subjected to a different and arguably more rigid standard than Mr. Holland. However, the interest of finality demands the result.

> The Court warned that "[t]here comes a point where a procedural system which leaves matters perpetually open no longer reflects humane concern but merely anxiety and a desire for immobility." *Id.*, 111 S.Ct. at 1469 (quotation marks omitted); *see also Custis v. United States*, 511 U.S. 485, 497, 114 S.Ct. 1732, 1739, 128 L.Ed.2d 517 (1994) ("As we have explained, inroads on the concept of finality tend to undermine confidence in the integrity of our procedures and inevitably delay and impair the orderly administration of justice." (alteration and quotation marks omitted)).

*Gilbert v. United States*, 2011 WL *1885674 (11th Cir. 2011). Specifically, "Congress designed AEDPA 'to achieve finality in criminal cases, both federal and state.'" *Jones v. United States*, 304 F.3d 1035, 1039 (11th Cir. 2002) (*per curiam*) (internal citations omitted). The Court adheres to the legislative intent of the AEDPA in ensuring the finality of judgments. Therefore, Petitioner's arguments as to his entitlement to relief under Rule 60(b) are rejected.

For the foregoing reasons, the motion to set aside judgment is DENIED.

DONE AND ORDERED at Miami, Florida, this _____ day of July, 2011.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

cc: counsel of record

---

[6] Even if the Court did find that this intervening change in the law constituted an extraordinary circumstance; to date, no legal determination has been made as to whether *Holland* would have a retroactive application.

7