UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 05-CIV-23292-MORENO

**RONNIE JOHNSON,**

    Petitioner,
vs.

**MICHAEL D. CREWS[1],**
Secretary, Florida Department of Corrections,

    Respondent.
_____/

## ORDER

THIS MATTER is before the Court upon Petitioner Ronnie Johnson's *pro se* request for the status of his Rule 60(b) Motion [DE 65].[2] A review of the docket clearly shows that Mr. Johnson's Rule 60(b) Motion [DE 60] was DENIED two years ago. [DE 64].

Ronnie Johnson is on death row at the Union Correctional Institution in Raiford, Florida, following a conviction in 1991 for first degree murder. On March 29, 2007, the Court issued its Order denying Mr. Johnson's petition for writ of habeas corpus by a person in state custody as untimely. [DE 35]. Four years later, Petitioner filed a Motion to Set Aside Judgment pursuant to Rule 60(b). [DE 60]. On July 6, 2011, the Motion was DENIED. [DE 64]. The Court denied the Motion because "Petitioner waited almost an entire year from the time *Holland* was issued to file the instant motion" and the Court did not find that this was "within a reasonable time" as contemplated by the Rule.

Further, the Court did not find that *Holland* "is an exceptional circumstance as interpreted by Rule 60(b)(6)." ([DE 64] at 5). The Court concluded by finding that "the interest of finality demands the result." (*Id.* at 7).

At the time that the Order denying his Rule 60(b)(6) Motion was entered, Mr. Johnson was represented by Charles White, Esq. (*See* [DE 63]). In fact, Mr. White filed a Motion to Renew Appointment Under the Criminal Justice Act to represent Mr. Johnson specifically in his Rule 60(b) litigation. [DE 62]. The Motion was promptly granted and Mr. White remains counsel of record. [DE 63]. As counsel of record, Mr. White must "keep the client reasonably informed about the status of the matter." *See* Rules Regulating Florida Bar 4-1.4 (a)(3). Therefore, Mr. White is ordered to immediately provide Mr. Johnson with copies of the Court's Order denying his Rule 60(b) Motion. [DE 64].

DONE and ORDERED at Miami, Florida, this ____ day of September 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

cc: counsel of record

John Ley, Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

Ronnie Johnson #440701/P-6217
U.C.I.
7819 NW 228th Street
Raiford, Florida 32026

---

[1] Edwin G. Buss is no longer the Secretary of the Department of Corrections. Michael D. Crews is now the proper respondent in this proceeding. Crews should,

therefore, "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d)(1). The Clerk is directed to docket and change the designation of the Respondent.

[2] Petitioner also requested a status update in a companion case 05-CIV-23293-MORENO. Similar to the instant case, the Court denied Mr. Johnson's petition for writ of habeas corpus in that case as untimely. [DE 55]. The Court also denied his Motion to Set Aside Judgment pursuant to Rule 60(b) two years ago. [DE 86].